## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**SERWIN MIZORI**                                                                      **PETITIONER**

**v.**                                                    **CIVIL ACTION NO. 3:25-cv-471-KHJ-MTP**

**WARDEN**                                                                            **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Serwin Mizori's Petition [1] for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241.  Having considered the parties' submissions and the

applicable law, the undesigned recommends that the Petition be dismissed without prejudice for

Mizori's failure to exhaust administrative remedies prior to filing the Petition.

### BACKGROUND

On September 30, 2013, Mizori was sentenced in the United States District Court for the

Western District of Michigan to a 240-month term of imprisonment for distribution of cocaine in

violation of 21 U.S.C. § 841. *See* [1] at 1; [12-1] at 8.  On June 30, 2025, while housed at the

Federal Correctional Complex in Yazoo City, Mississippi, Mizori filed the instant Petition [1]

under 28 U.S.C. § 2241 arguing that he has earned credit under the First Step Act[1] and Second

Chance Act,[2] which the Bureau of Prisons ("BOP") has failed to apply to his sentence.

On January 29, 2026, Respondent filed a Response [11], and the next day, Respondent

filed an Amended Response [12].  Respondent argues, *inter alia*, that the Petition should be

---

[1] *See* 18 U.S.C. § 3632.  The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions to their sentences.

[2] *See* 18 U.S.C. § 3624.  The Second Chance Act authorizes the Bureau of Prisons to place eligible inmates in Residential Reentry Centers for up to twelve months and in home confinement for up to six months.

dismissed because Mizori failed to exhaust his administrative remedies prior to filing this action. Mizori filed no reply.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the

grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [12-1] at 3.

As previously mentioned, Mizori did not file a reply to the Response [12] in which Respondent argues that Mizori failed to exhaust administrative remedies. Mizori, however, addressed exhaustion in his Petition and Memorandum [2] in support of his Petition. There, he argues that exhaustion is not required for the following reasons: (1) his Petition presents "purely legal questions of statutory interpretation," (2) exhaustion would be futile "given the BOP's categorical policies," (3) the harm to Mizori is "immediate and ongoing," and (4) the "BOP lacks authority to remedy the statutory violations alleged." *See* [1] at 2-3; [2] at 2. Additionally, on August 20, 2025, Mizori filed a Supplement [4] to his Petition asserting that he filed a request for informal resolution on June 23, 2025 (the same day he signed his federal habeas Petition) and filed a formal request for administrative remedies on July 10, 2025. *See* [4] at 1.

Beginning with Mizori's alleged exhaustion efforts, the law is clear that it is not enough to initiate the administrative remedies process; an inmate must complete the process. *See Herrera-Villatoro*, 269 Fed. App'x. at 373. Mizori does not assert, nor does the record show, that he completed the process by appealing to the Regional Director and, if dissatisfied at that step, appealing to the Office of General Counsel. Moreover, Mizori was required to exhaust his administrative remedies *prior* to filing his Petition. *See Fuller*, 11 F.3d at 62; *Cartwright v. Outlaw*, 293 Fed. App'x. 324 (5th Cir. 2008). Accepting Mizori's assertions concerning his exhaustion efforts as true, he did not allow the administrative remedies process to proceed at all before he sought relief from this Court. Thus, the record demonstrates that Mizori did not exhaust his administrative remedies.

The undersigned now turns to Mizori's stated reasons for failing to exhaust his administrative remedies. First, Mizori argues that exhaustion was not required because his Petition concerns "purely legal questions of statutory interpretation." Mizori, however, has failed to demonstrate that the issues in this action are purely legal questions of statutory interpretation. Moreover, even if this action only concerned statutory interpretation, Mizori has not shown that exhaustion would be a patently futile course of action. *See Fuller*, 11 F.3d at 62.

In *Gallegos-Hernandez v. U.S.*, the United States Court of Appeals for the Fifth Circuit held that a prisoner challenging the constitutionality of a BOP regulation, which excluded aliens from participation in rehabilitation programs, was not required to exhaust administrative remedies before filing his habeas petition. 688 F.3d 190, 194 (5th Cir. 2012). The court explained "it would have been futile for him to make an administrative challenge seeking this relief from those who are charged to enforce the regulation." *Id*.

An inmate, however, must still exhaust a claim that the BOP "erred in its application of" statutes and regulations. *Id*. Such is the case here. "Unlike the petitioner in *Gallegos-Hernandez* . . ., [Mizori] is not arguing in this case that the BOP's regulations or governing statutes are unconstitutional." *Aldaco v. Nash*, 2016 WL 407322, at *3 n.2 (W.D. Tex. Feb. 2, 2016). Instead, Mizori is challenging the BOP's application of statutes and regulations. Thus, it is appropriate for the BOP to determine through the administrative process whether Petitioner is entitled to additional credits.

Second, Mizori argues that the BOP's "categorical policies" render exhaustion futile. Mizori bears the burden of demonstrating the futility of administrative review, and "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v.*

*Warden*, 2018 WL 1310008, at \*3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion").  "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at \*3 (N.D. Tex. Dec. 17, 2008).

Third, Mizori argues that he should not be required to exhaust because the harm is "immediate and ongoing."  The fact that a petitioner may be facing immediate harm does not excuse a petitioner from completing the administrative remedies process, even if it takes time to do so.  The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*., *see also Goss v. Longley*, 2014 WL 4658970, at \*2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at \*2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Mitchell v. Young*, 2011 WL 3879513, at \*2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

Finally, Mizori argues that the BOP lacks authority to remedy the alleged violations. Mizori provides no legal authority for this argument.  Moreover, having the BOP remedy the

alleged violations by recalculating his sentence to include additional earned credit under the First Step Act and Second Chance Act is the very relief he requests in his Petition.

Because there are no extraordinary circumstances present that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.

## CONCLUSION AND RECOMMENDATION

The record shows that Mizori did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement.  Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 2nd day of March, 2026.

s/ Michael T. Parker
United States Magistrate Judge

6